THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of WILLIAM A. DENNIN, Respondent, v. WILLIAM E. SMYTH, Appellant.

First Department, November 17, 1922.

Municipal corporations — automobile truck passing north-bound traffic by going to left of center of street — ordinance not violated where there was no south-bound traffic and only means of passing horse-drawn vehicle was by going beyond center of street.

The defendant was not guilty of a violation of subdivisions 1 and 3 of section 11, article 2, chapter 24 of the Code of Ordinances of the city of New York, in that while driving an automobile truck he went to the left of the center of the street,

where it appears that he was in a line of slow-moving vehicles going north on the north-bound car track, which was as near the right-hand curb as he could approach; that in order to pass a horse-drawn vehicle he turned to the left and in doing so went on the south-bound car track; that at that time the south-bound traffic had been stopped several blocks away and there was no south-bound traffic when the defendant turned out to go by the vehicles in front of him.

APPEAL by the defendant, William E. Smyth, from an order of the Court of General Sessions of the Peace of the City and County of New York, entered in the office of the clerk of said court on the 23d day of May, 1921, affirming a judgment of the Traffic Court Branch of the City Magistrates' Court, Borough of Manhattan, convicting the defendant of a violation of the provisions of subdivisions 1 and 3 of section 11 of article 2 of chapter 24 of the Code of Ordinances of the City of New York.

*Magner, Callahan & Hagarty* [*Vito F. Lanza* of counsel], for the appellant.

*Joab H. Banton, District Attorney* [*Robert D. Petty* of counsel], for the respondent.

DOWLING, J.:

There is no dispute as to the facts in this case. Defendant was a chauffeur employed by the Merritt Manufacturing Company. On May 17, 1920, at eleven-thirty A. M., he was driving a commercial motor truck, weighing two and one-half tons, unloaded. The truck was twelve feet long and four feet wide. He was proceeding north on West Broadway in the city of New York, and had followed slow-moving vehicles from Duane street to North Moore street. One of them, a horse-drawn vehicle, going about three miles an hour, was ahead of him, and he followed other vehicles which pulled to the left, going on the south-bound car track and proceeding thereon until he was stopped by the police officer at Reade street. There was stationary traffic along the curb when defendant left the north-bound track, there were slow-moving vehicles ahead of him then, and the only way he could proceed and pass them was by turning to the left and traveling on the south-bound track. There is no evidence that he could have passed between the north-bound traffic and the curb, and even if there was, under the ordinances his duty was to keep to the left when passing the vehicles ahead of him. (Code of Ordinances of City of New York, chap. 24, art. 2, § 11, subd. 3.) In addition thereto while vehicles shall keep to the right, and as near the right-hand curb as possible, vehicles moving slowly shall keep as close as possible to the curb line on the right, so as to allow faster-moving

vehicles free passage on the left.  (Code of Ordinances of City of New York, chap. 24, art. 2, § 11, subds. 1, 8.)*

At the time defendant turned in on the south-bound car track there was no south-bound traffic, the track was clear and all south-bound vehicles were held up at Canal street, three blocks north.

The traffic regulations and the municipal ordinances covering the movement of vehicles in the city streets are most important for the protection of the life and limb of citizens, and should be upheld and enforced.  The local ordinances control and not the Highway Law.  (See Highway Law, § 286, subd. 9, added as subd. 3 by Laws of 1910, chap. 374, as renum. and amd. by Laws of 1918, chap. 540; Id. § 288, added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769.)†  But with every disposition to support the exercise of the authority charged with the administration of the law in a proper case, I cannot see that the defendant has been guilty of any violation of the ordinance.

While it was his duty to keep to the right, and as near the curb as possible, he could not get to the curb because of stationary vehicles, and, therefore, was on the north-bound car track, the nearest place thereto available.  He had a right when he overtook the line of slow-moving vehicles ahead of him to pass them by turning to the left, if there was no south-bound traffic with which he interfered.  That south-bound track on which he turned being absolutely free from traffic, and there being no south-bound vehicle in motion below Canal street, three blocks away, he had a right to keep on that track to pass other slow-moving vehicles on his right, until south-bound traffic began to move again.  He was, therefore, guilty of no offense.

The order and judgment appealed from should be reversed and the prisoner discharged.

CLARKE, P. J., PAGE, GREENBAUM and FINCH, JJ., concur.

Order and judgment reversed and the prisoner discharged. Settle order on notice.

---

* For statutory regulations referring to places outside of the city of New York, see, also, General Highway Traffic Law, §§ 12, 22.— [REP.

† Since amd. by Laws of 1921, chap. 580.  See, also, Laws of 1921, chap. 132, amdg. said § 288.— [REP.